**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **THE McCLATCHY COMPANY**, *et al.*, | : | **Case No. 20-10418 (MEW)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------- x

### SCHEDULES OF ASSETS AND LIABILITIES FOR MCCLATCHY INVESTMENT COMPANY (CASE NO. 20-10442)

---

[1] The last four digits of Debtor The McClatchy Company's tax identification number are 0478. Due to the large number of debtor entities in these jointly administered chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these chapter 11 cases is: 2100 Q Street, Sacramento, California 95816.

**UNITED STATES BANKRUPTCYCOURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
*In re*                                              :     **Chapter 11**
                                                     :
**THE McCLATCHY COMPANY**, *et al.*,                 :     **Case No. 20-10418 (MEW)**
                                                     :
          **Debtors.**[1]                            :     **(Jointly Administered)**
                                                     :
---------------------------------------------------------- x


### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On February 13, 2020 (the "Petition Date"), The McClatchy Company and certain of its affiliates in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On March 23, 2020 (the "Additional Petition Date"), Debtor Oak Street Redevelopment Corporation ("Oak Street") also commenced a case by filing a chapter 11 petition. As used herein, the term "Petition Date" encompasses the Additional Petition Date and the term "Chapter 11 Cases" includes the Oak Street chapter 11 case, which is being jointly administered with the Debtors' chapter 11 cases commenced on February 13, 2020. *See Order (I) Directing Joint Administration of Cases and (II) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n)* [Docket No. 265].

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases (collectively, the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered under case number 20-10418 (MEW).

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with unaudited information available as of the Petition Date.

---

[1]   The last four digits of Debtor The McClatchy Company's tax identification number are 0478. Due to the large number of debtor entities in these jointly administered chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/McClatchy. The location of the Debtors' service address for purposes of these chapter 11 cases is: 2100 Q Street, Sacramento, California 95816.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub- Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules and Statements and these Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

**<u>Reservation of Rights</u>**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.

The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured priority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract.  Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to, any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

**Reporting Date**. Each Debtor's fiscal year ends on the last Sunday in December of each calendar year. The Debtors' fiscal year consists of four fiscal quarters each containing three periods of one five-week period and then two four-week periods, for a total of 13 weeks per fiscal quarter. The 2019 fiscal year ended on December 29, 2019, and the 2018 fiscal year ended on December 30, 2018. All asset and liability information, except where otherwise noted, is provided as of the Petition Date.

**Basis of Presentation**. The McClatchy Company has historically prepared quarterly and annual financial statements that were audited annually and included all of the Debtors (collectively, the "Company"). The Schedules and Statements are unaudited. Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Company for public reporting purposes or otherwise.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with United States generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.

**Currency**. All amounts are reflected in U.S. dollars, unless otherwise indicated. Assets and liabilities listed in the Schedules denominated in Mexican Pesos ("MXN") were translated into U.S. dollars at market exchanges rates as of the Petition Date. Payments listed in the Statements denominated in MXN were translated into U.S. dollars at market exchange rates as of the date of each individual payment.

**Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense. Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, and expenses to reflect changes in those estimates or assumptions.

**Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals. Due to the numerous unliquidated, contingent, and/or disputed claims, summary statistics in the Schedules and Statements may understate the Debtor's liabilities.

**Undetermined or Unknown Amounts**. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified during the course of the Chapter 11 Cases and certain amounts may depend on contractual obligations to be assumed as part of a sale in a bankruptcy proceeding under section 363 of the Bankruptcy Code.

**Asset Presentation and Valuation**.  The Debtors' assets are presented at values consistent with their books and records.  Generally speaking, for assets that are valued at fair value or the lower of cost or fair value, the Debtors value these assets using modeling techniques customarily used in the industry and use market-based information to the extent possible in these valuations. These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique.  As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value on the Debtors' books (*e.g.*, net book value), rather than current economic values, is reflected on the Schedules and Statements.

**Contingent Assets and Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any causes of action, avoidance actions, controversy, right of set-off, cross claim, counterclaim, or recoupment, and any claim in connection with any contract, breach of duty imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly  or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) tax-sharing agreements, (iv) warranties, (v) operational and servicing agreements, (vi) shared service agreements, and (vii) other arrangements.

**Pledged Assets**.  A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors and may be outside of the Debtors' control. Assets pledged as collateral include, among other things, cash, securities, inventories, equipment, equity interests in subsidiaries, and other related assets.

**Liabilities**.  Some of the scheduled liabilities are unknown, contingent, and/or unliquidated at this time.  In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtors have excluded the following items which may be included in their GAAP financial statements from the Schedules: certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, and trusts. The Debtors also have excluded rejection damage claims of counterparties to executor contracts and unexpired leases that may be rejected, to the extent such damage claims exist. Other immaterial assets and liabilities may also have been excluded.

**Confidentiality**. The addresses of most current and former employees (including directors and officers) of the Debtors are not included in the Schedules and Statements. Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

**Intercompany Transactions**. Prior to the Petition Date (and subsequent to the Petition Date but only pursuant to Bankruptcy Court approval), the Debtors routinely engaged (and continue to engage) in intercompany transactions with their Debtor affiliates. Certain of the intercompany due to / due from balances were not fully transferred when the Debtors transitioned accounting software on or around 1999. Thus, intercompany balances reflected in these Statements and Schedules only reflect activity from January 1, 2000 to the Petition Date. The Debtors do not have procedures in place to reduce these intercompany balances, in some instances resulting in large pre-petition intercompany balances. To the extent possible, the Debtors and their professional advisors will continue to work through the voluminous intercompany transactions among and between the Debtors, and the Debtors will promptly file a comprehensive schedule reflecting intercompany balances should any additional transactions or settling transactions be discovered.

**Bankruptcy Court First-Day Orders**. The Bankruptcy Court has authorized the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, payments relating to the Debtors' employee wages and compensation, benefits, reimbursable business expenses, certain taxes, as well as certain critical vendors and lien claimants. Accordingly, the scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the Bankruptcy Court to satisfy in

whole or in part. The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**. The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**Leases**. In the ordinary course of their businesses, the Debtors lease facilities from certain third-party lessors for use in their daily operations. Any such leases are set forth in Schedule G, and the properties subject to these leases are not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtors. The properties subject these leases are also not reflected in the Statements as property or assets of third-parties within the control of a Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any such issues.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have expired by their terms. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been sold, abandoned, terminated, assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction, or otherwise have not expired by their terms. Accordingly, the Debtors reserve all of their rights as to the legal status of all intellectual property rights.

**Setoff**. Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred setoffs in connection with, among other things, intercompany and third-party transactions. Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules A/B, D or E/F. Nonetheless, some amounts listed may have been affected by setoffs effectuated prior to the Petition Date of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used their reasonable best efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have

been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Payments**. The financial affairs and businesses of the Debtors are complex. Before the Petition Date, the Debtors and certain of their non-Debtor affiliates participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. A description of the Debtors' prepetition cash management system is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations; (II) Modifying Certain Deposit Requirements; and (III) Authorizing Continuance of Intercompany Transactions and Honoring Related Prepetition Obligations* [Docket No. 14] (the "Cash Management Motion"). The Debtors have used their reasonable best effort to attribute each payment to the Debtor which incurred the expense, not the Debtor entity which made the payment.

**Certain Funds Not Property of the Debtors' Estates**. The Debtors received certain donations and grants, testamentary or otherwise, which were provided subject to restrictions (contractual or otherwise) on the use of such funds. These funds may not be property of the Debtors' estates, and, as a consequence, the Debtors have not listed any of the donors or grantors that may have an interest in these funds as creditors of their estates in the Schedules and Statements.

**Insiders**. For purposes of their responses to Statement Question Nos. 28 and 29, the Debtors have listed their respective officers and directors for each individual Debtor entity to the extent available based on current records. For purposes of Statement Question No. 4, the Debtors have included the following as "insiders": (a) all members of the board of directors of Debtor The McClatchy Company; (b) employees who hold the position of Controller, Vice President, or President at Debtor The McClatchy Company; and (c) out of an abundance of caution, all intercompany cash payments between Debtors, even if there was no direct parent or direct subsidiary relationship.. In the ordinary course of the Debtors' businesses, directors and officers of The McClatchy Company were paid by McClatchy Newspapers, Inc. As such, the Debtors have only scheduled all payments to "insiders" that were paid by McClatchy Newspapers, Inc. on Statement Question No. 4 for that entity.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the

7

decision-making or corporate authority of such individual;  or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Signatory**.  The Schedules and Statements have been signed by <u>Sean M. Harding</u>, in his capacity as [Chief Restructuring Officer] of The McClatchy Company.  In reviewing and signing the Schedules and Statements, he has necessarily relied upon the efforts, statements and representations of various of the Debtors' personnel and professionals.  he has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**Limitation of Liability**.  The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

## Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- <u>General</u>.  Each Debtor's assets in Schedule A/B are listed at net book value based on the Debtors' reasonable best efforts as of the Petition Date unless otherwise noted and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.  As of the date of these filings, the Debtors have not finalized the process of closing their books and records as of the Petition Date.  As such, the balances presented in Schedule A/B are subject to further revision and change

- <u>Deposits and Prepayments (AB6 thru AB9)</u>.  With the exception of two lease deposits, the Debtors record all other lease, utility, and benefits deposits within the books and records of Debtor McClatchy Newspapers, Inc. ("<u>MNI</u>").  Therefore, it is likely that some of the deposits listed in the Schedules for MNI may be partially or wholly for the benefit of other Debtors. These deposits lack sufficient detail to attribute which Debtor(s) receive the benefit of the asset and are not allocated to individual Debtors in these Schedules.

- Accounts Receivable (AB11).   Amounts listed in AB11 exclude any intercompany receivables owed between Debtors.  Intercompany receivables are included in AB77.

- Mutual Funds or Publicly Traded Stocks (AB14).  Publicly traded stocks are listed using the closing share price on February 12, 2020 (the day before the Petition Date), multiplied by the total number of shares owned by the Debtors.  The Debtors received shares listed on AB14 as payment in kind from certain customers, and the Debtors do not actively trade these equities.

- Non-publicly traded stock (AB15).   Ownership interests in subsidiaries and other Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value. Furthermore, on April 8, 2020 the Debtors filed *Debtors Motion for Order Authorizing Rejection of Partnership Agreement and Abandonment of Partnership Interests in Ponderay Newsprint Company* [Docket No. 292].

- Other Negotiable and Non-Negotiable Instruments (AB16).  As described in the Debtors' Cash Management Motion, the Debtors utilize three timed deposit accounts to hold cash collateral for various letters of credit. The value of these accounts is listed in AB16.

- Finished Goods (AB21).  Although at any point in time, the Debtors may have finished goods inventory, they do not record these amounts in their books and records as the value of printed newspapers is immaterial the following day. Additionally, the Debtors do not track inventory levels of office supplies or other such items. As such, the Debtors have not included any amounts in AB21.

- Inventory Purchased within 20 days (AB25).  The Debtors have made reasonable efforts to identify or estimate all inventory included in AB19 that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in calculating these amounts.  The Debtors have not calculated the amount of purchases for any inventory that would be included in AB20 thru AB22.

- Office Furniture, Fixtures and Equipment (AB38 thru AB45).  In the Debtors' books and records, office furniture and fixtures are included in one trial balance amount.  As such, in certain instances, the Debtors have not specifically reported office equipment by office furniture, office fixtures, and office equipment. The Debtors have made reasonable efforts to identify all collectibles, artwork, and other memorabilia; however, it is possible that inadvertent errors or omissions may have occurred, or that property of de minimis value is not included in response to this question.

- Real Property Appraisal (AB58).  The Debtors have made several contributions of real property to their pension plan through a sale leaseback structure. These properties are appraised every year for purposes of determining the asset value of the pension plan. The Debtors are also actively in process of marketing for sale several of their real property

assets. Through this sale process, several of the Debtors' assets have been appraised.  The Debtors do not typically have their real property assets appraised outside of these instances.

- <u>Business Licenses (AB62)</u>.  The Debtors have listed all known business licenses for each Debtor.  Any omissions were due to system limitations or inadvertent error.  Under the Bankruptcy Code, any omitted business licenses are not impaired by omission.  This Schedule may be amended at any time to add any omitted business licenses.

**<u>Schedule D Notes</u>**.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose may be an open issue of fact.

- Except as otherwise agreed in accordance with a stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or other entities.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect approximate amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**Schedule E/F Notes**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual amount of claims against the Debtors may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F was incurred or arose, fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

- The Debtors have listed all known taxing authorities for each Debtor. These tax claims are, or may in the future be subject to audits, and the Debtors are unable to determine with certainty the amount of the tax claims listed on Schedule E/F. Therefore, the Debtors have listed such claims as "Undetermined" in amount, pending final resolution of the ongoing audits or outstanding issues. In addition, there may be other contingent, unliquidated claims from state and local taxing authorities, not all of which are listed.

- The Bankruptcy Court has approved the payment of certain unsecured employee claims against the Debtors including, without limitation, certain claims of employees for wages, salaries, and benefits including paid time off ("PTO"). Due to confidentiality concerns, the Debtors have suppressed the addresses of the employee claimants listed on Schedule E/F. Additionally, due to system limitations and resource constraints within the Debtors' human resource functions, the Debtors are unable to accurately present accrued but unpaid remaining PTO as of the Petition Date and have excluded such claims in the presentation of Schedule E/F. In general, all other employee claims for items that were not clearly authorized to be paid by the Bankruptcy Court have been included in the Schedules and Statements.

- The listing of any priority claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to take the position that any claim listed on Schedule E/F is not entitled to priority.

- The Bankruptcy Court approved the payment of certain non-priority unsecured claims against the Debtors including, without limitation, claims of critical vendors and lien claimants. While the Debtors have made every effort to reflect the current obligations as of the Petition Date on Schedule E/F, certain payments made, and certain invoices received, after the Petition Date may not be accounted for in Schedule E/F.

- Schedule E/F also contains information regarding pending litigation involving the Debtors. However, certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential litigation-related claims may be subject to certain disclosure restrictions and/or may be of a peculiarly personal and private nature. The Debtors continue to research any possible restrictions with respect to disclosure of asserted or potential litigation-related claims. The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard.

- Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for each respective Debtor.

- In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services. As of the filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

**Schedule G Notes**.

- The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- In some case, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings, and their inclusion on Schedule G is not an admission that the agreement is an executory contract, financing agreement, or otherwise.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

13

**Schedule H Notes**.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties.  Because all such claims are "contingent," "unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule H.

## Statement of Financial Affairs

**Statement Question 1 – Income from Operations**.  Revenues are reflected for the fiscal years ending on December 29, 2019 and December 30, 2018. Revenues for the current fiscal year stub period are reflected from December 30, 2019 to the Petition Date.

**Statement Questions 1 and 2 – Revenue**.  For purposes of these questions, the Debtors have not included revenue on account of intercompany activity among and between the Debtors.  Refer to Global Note "Intercompany Transactions" for further detail.

**Statement Question 3 – 90 Day Payments**.  For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment, irrespective of whether the payment satisfied an obligation owed by the Debtor or was made on behalf or for the benefit of an Affiliate.

**Statement Question 4 – Payments to Insiders**.  For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment.  Refer to Global Note "Insiders" for further detail.

**Statement Question 6 – Setoffs**.  In the ordinary course of business, the Debtors may incur set-offs.  Set-offs in the ordinary course can result from various items including counterparty settlements, pricing/quantity discrepancies, returns, make-good obligations, and other transaction true-ups.  These customary set-offs are consistent with the ordinary course of business in the Debtor's industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtor to list all such set-offs. Consequently, ordinary course set-offs are excluded from the Debtors' responses to SOFA Question 6.

**Statement Question 7 – Legal Actions**.  The Debtors have made reasonable best efforts to identify all current pending litigation involving the Debtors.  However, certain omissions may have occurred.  The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

**Statement Question 11 – Payments Related to Bankruptcy.**  During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and have included all payments made to those professionals, including those services unrelated to the bankruptcy filing.  Due to timing and resource limitations, the Debtors are unable to effectively bifurcate payments solely related to debt restructuring and/or bankruptcy services for the one-year period prior to the Petition Date.  As a result, the payments listed in response to this question may include payments not related to debt restructuring and/or bankruptcy services for certain professionals listed.

**Statement Question 21 – Property Held for Another.**  As is customary in the Debtors' industry, the Debtors are engaged by certain non-affiliated newspaper companies to provide printing services and/or deliver services in defined geographical areas. This program is described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and Continue Certain Customer Programs in the Ordinary Course of Business, and (II) Granting Related Relief* [Docket No. 18]. As of the Petition Date, the Debtors held printed newspaper inventory for these non-affiliated newspaper companies; however, due to the nature of the newspaper industry, this inventory is of immaterial value the following day. It would be unduly burdensome for the Debtors' to list the location and value of this outdated printed newspaper inventory for each non-affiliated company. Consequently, this property has been excluded from the Debtor's responses to SOFA Question 21.

**Statement Questions 22 thru 24 – Environmental Information.**  The Debtors have historically operated in many locations across the United States.  At some locations, the Debtors may no longer have active operations and may no longer have relevant records, or the records may no longer be complete or reasonably accessible or reviewable.  Some individuals who once possessed such information are no longer employed by the Debtors.  In light of the above, it may be possible that the Debtors did not identify and supply the requested information for every "site" and "proceeding" responsive to these Statement Questions.  The Debtors have devoted substantial efforts towards identifying and providing the requested information.  As such, the Debtors may supplement or amend this response in the future.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest.**  Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed only the direct subsidiaries of each Debtor entity.

**Statement Question 26c – Firms or Individuals in Possession of Debtor's Books of Account and Records.**  The Debtors outsource certain accounts payable and journal entry accounting functions for the US-based Debtors to third party companies. Furthermore, the Debtor Herald Custom Publishing of Mexico, S. de R.L. de C.V. outsources certain accounting functions to a Mexico-based accounting firm. Although these companies likely only possess a subset of the Debtor's books and records, they have nevertheless been included in the response to SOFA Question 26c out of an abundance of caution.

**Statement Question 26d – Recipients of Financial Statements.**  The Debtors have provided financial statements in the ordinary course of business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Furthermore,

Debtor The McClatchy Company was a publicly traded entity on the New York Stock Exchange for most of the two years immediately before the Petition Date, and the Debtors filed consolidated financial statements quarterly with the U.S. Securities and Exchange Commission. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for purposes of Statement 26d.

**Statement Question 27 – Inventories.**  The Debtors' policy concerning the counts of inventory and its related components does not include counts of the entire inventory balance.  Instead, cycle counts of portions of inventory are conducted on a periodic basis which varies by each respective Debtor entity.  As such, the response to this question reflects details from those cycle counts.

**Statement Question 28 and 29 – Current and Former Officer and Directors.**  The Debtors have made reasonable best efforts to list the known current and former officers and directors for each Debtor entity based on a review of existing books and records and other available information which may not be complete and updated as of the Petition Date.  As such, there may be inadvertent errors or omissions for Statement Questions 28 and 29 due to these limitations. See Global Note "Insiders" for further detail.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

**Fill in this information to identify the case:**

Debtor Name: In re : McClatchy Investment Company

United States Bankruptcy Court for the: Southern District of New York

Case number (if known): 20-10442 (MEW)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals                    12/15

**Part 1:     Summary of Assets**

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from *Schedule A/B* ...............................................................................    $    0.00

    1b. **Total personal property:**

        Copy line 91A from *Schedule A/B* .............................................................................    $    78,488,036.72

    1c. **Total of all property:**

        Copy line 92 from *Schedule A/B* ...............................................................................    $    78,488,036.72

**Part 2:     Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* .....................    $    715,007,000.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* .............................    $    0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...................    + $    545,259,497.00

4. **Total liabilities**

    Lines 2 + 3a + 3b .............................................................................................................    $    1,260,266,497.00

**Fill in this information to identify the case:**

Debtor Name: In re : McClatchy Investment Company

United States Bankruptcy Court for the: Southern District of New York

Case number (if known): 20-10442 (MEW)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

   | All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
   |---|---|

2. **Cash on hand**

   _____    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

   _____    _____    _____    $ _____

4. **Other cash equivalents** *(Identify all)*

   _____    $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ _____ 0.00

Debtor:  McClatchy Investment Company                                      Case number *(if known)*:  20-10442
         Name

| Part 2: | Deposits and prepayments |

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____     $ _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____     $ _____

9.  **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.          $ _____ 0.00

Debtor: McClatchy Investment Company
_____
Name

Case number *(if known)*: 20-10442
_____

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

| | | Description | face amount | | | doubtful or uncollectible accounts | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ | _____ | | =..... ➔ | $ | _____ |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ | _____ | | =..... ➔ | $ | _____ |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor: McClatchy Investment Company

Name

Case number *(if known)*: 20-10442

---

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| | | |
|---|---|---|
| 14.1 None | | $ |

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:          % of ownership:

| | | | |
|---|---|---|---|
| 15.1 Seattle Times Company | 49.5 | Undetermined | $ Undetermined |
| 15.2 CityXpress Corp | Undetermined | Undetermined | $ Undetermined |

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| | | |
|---|---|---|
| 16.1 None | | $ |

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

| | |
|---|---|
| $ | 0.00 |

Debtor: McClatchy Investment Company

Name

Case number *(if known):* 20-10442

---

**Part 5:    Inventory, excluding agriculture assets**

18.  **Does the debtor own any inventory (excluding agriculture assets)?**
  - ☐  No. Go to Part 6.
  - ☒  Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 19.1 None | | $ | | $ |
| 20. **Work in progress** | | | | |
| 20.1 None | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | | | |
| 21.1 See Global Note | | $ | | $ |
| 22. **Other inventory or supplies** | | | | |
| 22.1 See Global Note | | $ | | $ |

23.  **Total of Part 5.**
  Add lines 19 through 22. Copy the total to line 84.

  $ _____ 0.00

24.  **Is any of the property listed in Part 5 perishable?**
  - ☐  No
  - ☐  Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
  - ☐  No
  - ☐  Yes.    Description_____  Book value $ _____  Valuation method _____  Current value $ _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
  - ☒  No
  - ☐  Yes

Debtor: McClatchy Investment Company

Name

Case number *(if known)*: 20-10442

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
- ☑ No. Go to Part 7.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $_____ | _____ | $_____ |

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$_____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**
- ☐ No
- ☐ Yes. Is any of the debtor's property stored at the cooperative?
  - ☐ No
  - ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
- ☐ No
- ☐ Yes. Description_____ Book value $_____ Valuation method_____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
- ☐ No
- ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

Debtor: McClatchy Investment Company
Name

Case number *(if known)*: 20-10442

---

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ☒ No. Go to Part 8.

   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
   Add lines 39 through 42. Copy the total to line 86.

   | $ | 0.00 |
   |---|---|

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

   ☐ No

   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Debtor: McClatchy Investment Company

Name

Case number *(if known)*: 20-10442

---

**Part 8:**    **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

   Add lines 47 through 50. Copy the total to line 87.

   | $ 0.00 |
   |---|

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor: McClatchy Investment Company
Name

Case number *(if known)*: 20-10442

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**`

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: McClatchy Investment Company
Name

Case number (if known): 20-10442

---

**Part 10:**    **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor: McClatchy Investment Company

Name

Case number *(if known)*: 20-10442

## Part 11: All other assets

**70.** **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

Current value of debtor's interest

**71.** **Notes receivable**

Description (include name of obligor)

| | Total face amount | doubtful or uncollectible accounts | | |
|---|---|---|---|---|
| 71.1 None | $ | - $ | =..... ➜ | $ |

**72.** **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| | | Tax year | |
|---|---|---|---|
| 72.1 None | | | $ |

**73.** **Interests in insurance policies or annuities**

| | |
|---|---|
| 73.1 None | $ |

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

| | |
|---|---|
| 74.1 None | $ |

Nature of claim

Amount requested   $

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

| | |
|---|---|
| 75.1 None | $ |

Nature of claim

Amount requested   $

**76.** **Trusts, equitable or future interests in property**

| | |
|---|---|
| 76.1 None | $ |

**77.** **Other property of any kind not already listed** *Examples*: Season tickets, country club membership

| | |
|---|---|
| 77.1 Intercompany Receivable due from McClatchy Newspapers, Inc. | $ 75,959,936.01 |
| 77.2 Intercompany Receivable due from McClatchy Shared Services, Inc. | $ 2,528,100.71 |

**78.** **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

$ 78,488,036.72

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor: McClatchy Investment Company
Name

Case number *(if known)*  20-10442

---

**Part 12:  Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2*. | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ......................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 78,488,036.72 | |
| 91. **Total.** Add lines 80 through 90 for each column...........................91a. | $ 78,488,036.72 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ..................................................................................... | | $ 78,488,036.72 |

**Fill in this information to identify the case:**

Debtor Name: In re : McClatchy Investment Company

United States Bankruptcy Court for the: Southern District of New York

Case number (if known): 20-10442 (MEW)

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                     12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:      List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral. | Column B<br>**Value of collateral that**<br>**supports this claim** |
|---|---|---|---|

**2.1 Creditor's name**

Bank of Oklahoma
Creditor's Name

**Creditor's mailing address**

Notice Name
1600 Broadway
Street

| Denver | CO | 80202 |
|---|---|---|
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**    Dec 2018; Mar 2019

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor, and its relative priority.

    Bank of New York Mellon (First and Second Lien)

   ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially All Assets     $   268,423,000.00    $    Undetermined

**Describe the lien**

Third Lien Notes Indenture due 2031

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor: McClatchy Investment Company

Name

Case number *(if known)* 20-10442

| Part 1: | Additional Page |
| --- | --- |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**Column A**
**Amount of claim**
Do not deduct the value of collateral.

**Column B**
**Value of collateral that supports this claim**

2.2 **Creditor's name**

The Bank of New York Mellon

Creditor's Name

**Creditor's mailing address**

Notice Name

2001 Bryan Street, Ste 1000

Street

| Dallas | TX | 75201 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**     July 2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

  ☒ No. Specify each creditor, including this creditor, and its relative priority.

  Bank of Oklahoma (Third Lien)

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially All Assets                $    262,851,000.00    $    Undetermined

**Describe the lien**

First Lien Note Indenture due 2026

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Debtor: McClatchy Investment Company
Name

Case number *(if known)*: 20-10442

---

**Part 1:** **Additional Page**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| *Column A*<br>**Amount of claim**<br>Do not deduct the value of collateral. | *Column B*<br>**Value of collateral that supports this claim** |
|---|---|

2.3 **Creditor's name**

The Bank of New York Mellon
Creditor's Name

**Creditor's mailing address**

Notice Name
2001 Bryan Street, Ste 1000
Street

| Dallas | TX | 75201 |
|---|---|---|
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**    July 2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?

  ☑ No. Specify each creditor, including this creditor, and its relative priority.

    Bank of Oklahoma (Third Lien)

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially All Assets    $   157,083,000.00   $   Undetermined

**Describe the lien**

Junior Term Loan due 2030 (Second Lien)

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out *Schedule H: Codebtors*(Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

Debtor: McClatchy Investment Company

Name

Case number *(if known)* 20-10442

| Part 1: | Additional Page |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**Column A**
*Column A*
**Amount of claim**
Do not deduct the value of collateral.

**Column B**
*Column B*
**Value of collateral that supports this claim**

2.4 **Creditor's name**

Wells Fargo

Creditor's Name

**Creditor's mailing address**

Notice Name

2450 Colorado Avenue

Street

Suite 3000 West

Santa Monica    CA    90404

City    State    ZIP Code

Country

**Creditor's email address, if known**

**Date debt was incurred**    July 2018

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Letters of Credit        $  26,650,000.00  $  26,650,000.00

**Describe the lien**

Cash Collateral

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$   715,007,000.00

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|----------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------|-----------------------------------------------------------|------------------------------------------------|
| Emmet, Marvin, & Martin, LLP <br> Name | Line  2.2 | |
| Attn Thomas A. Pitta, Esq. <br> Notice Name | | |
| 120 Broadway <br> Street | | |
| 32nd Floor | | |
| | | |
| New York <br> City | NY <br> State | 10271 <br> ZIP Code |
| | | |
| Country | | |
| Emmet, Marvin, & Martin, LLP <br> Name | Line  2.3 | |
| Attn Thomas A. Pitta, Esq. <br> Notice Name | | |
| 120 Broadway <br> Street | | |
| 32nd Floor | | |
| | | |
| New York <br> City | NY <br> State | 10271 <br> ZIP Code |
| | | |
| Country | | |
| Morgan, Lewis & Bockius LLP <br> Name | Line  2.4 | |
| Attn Jennifer Feldsher, Esq. <br> Notice Name | | |
| 101 Park Avenue <br> Street | | |
| | | |
| New York <br> City | NY <br> State | 10178-0060 <br> ZIP Code |
| | | |
| Country | | |

Debtor: McClatchy Investment Company
Name

Case number *(if known)*: 20-10442

Reed Smith LLP
Name

Line 2.1

Attn Eric A. Schaeffer
Notice Name

225 Fifth Avenue
Street

Pittsburgh
City

PA
State

15222-2716
ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : McClatchy Investment Company

United States Bankruptcy Court for the: Southern District of New York

Case number (if known): 20-10442 (MEW)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**     List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☐ No. Go to Part 2.

☑ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: $ | Unknown | $ Unknown |

See Schedule E/F, Part 1 Attachment

Creditor Name

*Check all that apply.*

☐ Contingent

Creditor's Notice name

☐ Unliquidated

☐ Disputed

Address

**Basis for the claim:**

City       State       ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

**Specify Code subsection of PRIORITY unsecured**

☐ Yes

**claim:** 11 U.S.C. § 507(a) ()

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|--|-----------------|

3.1 **Nonpriority creditor's name and mailing address**

See Schedule E/F, Part 2 Attachment

Creditor Name

_____

Creditor's Notice name

_____

Address

_____

_____

_____

City          State          ZIP Code

_____

Country

**Date or dates debt was incurred**

_____

**Last 4 digits of account**

**number**

As of the petition filing date, the claim is:  $  545,259,497.00
*Check all that apply.*

☐  Contingent

☐  Unliquidated

☐  Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐  No

☐  Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐  Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City            State            ZIP Code | | |
| Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a.  **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b.  **Total claims from Part 2** | 5b. **+** | $ 545,259,497.00 |
| 5c.  **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 545,259,497.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : McClatchy Investment Company

United States Bankruptcy Court for the: Southern District of New York

Case number (if known): 20-10442 (MEW)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

2. **List all contracts and unexpired leases**

   **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

   **State what the contract or lease is for and the nature of the debtor's interest**

   Name

   Notice Name

   **State the term remaining**

   Address

   **List the contract number of any government contract**

   | City | State | ZIP Code |

   Country

| Fill in this information to identify the case: |
|---|
| Debtor Name: In re : McClatchy Investment Company |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number (if known): 20-10442 (MEW) |

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  See Schedule H Attachment | | | ☐ D |
| | Street | | |
| | | | ☐ E/F |
| | | | |
| | | | ☐ G |
| | City            State            ZIP Code | | |
| | Country | | |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| |
|---|
| Debtor Name: In re : McClatchy Investment Company |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number (if known): 20-10442 (MEW) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/28/2020                              ✖ / s / Sean M. Harding
              _____                  _____
              MM / DD / YYYY                           Signature of individual signing on behalf of debtor

                                                       Sean M. Harding
                                                       _____
                                                       Printed name

                                                       Chief Restructuring Officer of The
                                                       McClatchy Company
                                                       _____
                                                       Position or relationship to debtor

**In re: McClatchy Investment Company**
**Case No. 20-10442**
Schedule E/F, Part 1 Attachment
Creditors Who Have PRIORITY Unsecured Claims

| Line | Priority Creditor's Name | Address 1 | City | State | Zip | Date incurred | Specify Code subsection: 11 § U.S.C. 507(a)(__) | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Total claim | Priority amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | California Department of Tax and Fee Administration | P.O. Box 942879 | Sacramento | CA | 94279 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.2 | Colorado Department of Revenue | PO Box 17087 | Denver | CO | 80217 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.3 | DC Treasurer | P.O. Box 96183 | Washington | DC | 20090 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.4 | Idaho State Tax Commission | P.O. Box 56 | Boise | ID | 83756-0056 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.5 | Illinois Department of Revenue | P.O. Box 19008 | Springfield | IL | 62794-9008 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.6 | Internal Revenue Service | 1111 Constitution Avenue Northwest | Washington | DC | 20224 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.7 | Kansas Department of Revenue | P.O. Box 75871 | Topeka | KS | 66675-8571 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.8 | Kentucky Department of Revenue | P.O. Box 856905 | Louisville | KY | 40285-6905 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.9 | Massachusetts Department of Revenue | P.O. Box 7005 | Boston | MA | 02204 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.10 | Michigan Department of Treasury | P.O. Box 30803 | Lansing | MI | 48909 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.11 | Minnesota Department of Revenue | Mail Station 1125, 600 N. Robert Street | St. Paul | MN | 55146-1125 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.12 | Oregon Department of Revenue | P.O. Box 14777 | Salem | OR | 97309-0960 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.13 | Texas Comptroller of Public Accounts | P.O. Box 149348 | Austin | TX | 78714-9348 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.14 | Utah State Tax Commission | 210 N. 1950, W | Salt Lake City | UT | 84134-0300 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| 2.15 | Wisconsin Department of Revenue | P.O. Box 8908 | Madison | WI | 53708-8908 | Unknown | 8 | Tax | N | | X | | Unknown | Unknown |
| | | | | | | | | | | | | TOTAL: | Unknown | Unknown |

In re: McClatchy Investment Company
Case No. 20-10442
Schedule E/F, Part 2 Attachment
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Date incurred | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | Alaska Dept of Revenue | Treasury Division | Unclaimed Property Program | 333 Willoughby Avenue 11th Floor | State Office Building | Juneau | AK | 99801-1770 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.2 | Arizona Dept of Revenue | Unclaimed Property Unit | 1600 W Monroe Division Code: 10 | | | Phoenix | AZ | 85007-2650 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.3 | Arkansas Unclaimed Property Division | | 1401 West Capitol Avenue Suite 325 | | | Little Rock | AR | 72201 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.4 | Bank of New York Mellon Trust Company | | 2001 Bryan Street | Suite 1000 | | Dallas | TX | 75201 | 7/13/2018 | Unsecured Debentures | N | | | | $14,906,874.00 |
| 3.5 | California State Controllers Office | Unclaimed Property Division | 10600 White Rock Road Suite 141 | | | Rancho Cordova | CA | 95670 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.6 | Commonwealth of Pennsylvania | Bureau of Unclaimed Property | 1101 South Front Street | 4th Floor Riverfront Office Center | | Harrisburg | PA | 17104-2516 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.7 | Commonwealth of Virginia Dept of the Treasury | Division of Unclaimed Property | PO Box 2485 | | | Richmond | VA | 23218-2478 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.8 | Comptroller of Maryland | Unclaimed Property Unit | 301 W Preston St, Room 310 | | | Baltimore | MD | 21201-2385 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.9 | Connecticut Office of the State Treasurer | Unclaimed Property Unit | 55 Elm Street | | | Hartford | CT | 06106 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.10 | DC Office of Finance and Treasury | Unclaimed Property Unit | 1101 4th St. SW, Ste. 800 W | | | Washington | DC | 20024 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.11 | Delaware Department of Finance | Office of Unclaimed Property | PO Box 8931 | | | Wilmington | DE | 19899-8931 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.12 | Dept of Revenue Washington State | Unclaimed Property Section | PO Box 47477 | | | Olympia | WA | 98504-7477 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.13 | Dept of the State Treasurer | Commonwealth of Massachusetts | Unclaimed Property Division | One Ashburton Pl 12th Fl | | Boston | MA | 02108-1608 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.14 | Florida Dept of Financial Services | Division of Unclaimed Property | 200 East Gaines Street | | | Tallahassee | FL | 32399-0358 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.15 | Georgia Dept of Revenue | Unclaimed Property Program | 4125 Welcome All Rd Suite 701 | | | Atlanta | GA | 30349-1824 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.16 | Idaho State Tax Commission | Unclaimed Property Program | 304 N 8th St. Suite 208 | | | Boise | ID | 83702-5834 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.17 | Indiana Attorney Generals Office | Unclaimed Property Division | PO Box 2504 | | | Greenwood | IN | 46142 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.18 | Iowa Office of the State Treasurer | Unclaimed Property Division | 800 Walnut St | MAC N8200-071 | | Des Moines | IA | 50309 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.19 | Kansas State Treasurer | Unclaimed Property Division | 900 SW Jackson Ste 201 | | | Topeka | KS | 66612-1235 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.20 | Kentucky State Treasury | Unclaimed Property Division | 1050 US Highway 127 South, Suite 100 | | | Frankfort | KY | 40601 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.21 | Maine Office of the State Treasurer | Unclaimed Property | 39 State House Station | Burton M Cross Office Building, 3rd Floor | 111 Sewall St | Augusta | ME | 04333-0039 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.22 | Michigan Dept of Treasury | Unclaimed Property Division | 7285 Parsons Dr | | | Dimondale | MI | 48821 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.23 | Minnesota Dept of Commerce | Unclaimed Property Program | 85 7th Place East, Ste 280 | | | St Paul | MN | 55101-2198 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.24 | Mississipi Treasury Office of the State Treasurer | Unclaimed Property Division | 501 North West Street Suite 1101 | | | Jackson | MS | 39201 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.25 | Missouri State Treasury | Unclaimed Property Division | PO Box 210 | | | Jefferson City | MO | 65102 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.26 | Montana Dept of Revenue | Unclaimed Property | PO Box 5805 | | | Helena | MT | 59604-5805 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.27 | Nebraska State Treasurer | Unclaimed Property Division | 809 P St | | | Lincoln | NE | 68508-1390 | Various | Unclaimed Property | N | | | | Undetermined |

In re: McClatchy Investment Company
Case No. 20-10442
Schedule E/F, Part 2 Attachment
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Date incurred | Basis for claim | Subject to offset (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.28 | Nevada Office of the State Treasurer | Unclaimed Property Division | Grant Sawyer Bldg | 555 E Washington Ave Ste 4200 | | Las Vegas | NV | 89101 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.29 | New Hampshire State Treasury | Abandoned and Unclaimed Property | 25 Capitol St, Room 121 | | | Concord | NH | 03301 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.30 | New Mexico Taxation and Revenue Dept | Unclaimed Property Office | 1100 South St Francis Dr | | | Santa Fe | NM | 87504 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.31 | New York State Office of the State Comptroller | Office of Unclaimed Funds | 110 State St | | | Albany | NY | 12236 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.32 | North Carolina Dept of State Treasurer | Unclaimed Property Division | PO Box 20431 | | | Raleigh | NC | 27619-0431 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.33 | North Dakota State Land Dept | Unclaimed Property Division | 1707 North 9th St | PO Box 5523 | | Bismark | ND | 58506-5223 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.34 | Office of Alabama State Treasurer | Unclaimed Property Division | RSA Union Building | 100 North Union Street Suite 636 | | Montgomery | AL | 36104 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.35 | Office of Colorado State Treasurer | Unclaimed Property | 1580 Logan St Ste 500 | | | Denver | CO | 80203 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.36 | Office of the State Treasurer of Illinois | Unclaimed Property Division | 1 W Old State Capitol Plaza, Suite 400 | | | Springfield | IL | 62701 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.37 | Ohio Dept of Commerce | Division of Unclaimed Funds | 77 South High St 20th Fl | | | Columbus | OH | 43215-6108 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.38 | OKLAHOMA STATE TREASURER | UNCLAIMED PROPERTY DIVISION | 2300 N Lincoln Blvd Room 217 | | | Oklahoma City | OK | 73105 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.39 | Oregon Dept of State Lands | Unclaimed Property Section | 775 Summer St NE Ste 100 | | | Salem | OR | 97301-1279 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.40 | Pension Benefit Guranty Corporation | Attn: Accounts Payable | 1200 K Street NW | 12th Floor | | Washington | DC | 20005 | Various | Pension Contribution | N | | | X | $530,352,623.00 |
| 3.41 | Rhode Island Office of the General Treasurer | Unclaimed Property Division | 50 Service Ave | | | Warwick | RI | 02886 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.42 | Ron J. Henson, State Treasurer | Unclaimed Property Division | State Capitol Building Annex | 1051 N 3rd Street Room 150 | | Baton Rouge | LA | 70802 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.43 | South Carolina State Treasurer's Office | Unclaimed Property Program | 1200 Senate Street Ste 214 | Wade Hampton Building | | Columbia | SC | 29201 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.44 | South Dakota Office of the State Treasurer | Unclaimed Property Division | 500 E Capitol Ave Ste 212 | | | Pierre | SD | 57501-5070 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.45 | State of Hawaii | Unclaimed Property Program | No. 1 Capitol District Building | 250 South Hotel Street Room 304 | | Honolulu | HI | 96813 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.46 | State of New Jersey | Unclaimed Property Administration | PO Box 214 | | | Trenton | NJ | 08625-0214 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.47 | Tennessee Dept of Treasury | Unclaimed Property Division | Andrew Jackson State Office Bldg 15th Floor | 502 Deaderick St | | Nashville | TN | 37243-0203 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.48 | Texas Comptroller of Public Accounts | Unclaimed Property Claims Section | PO Box 12046 | | | Austin | TX | 78711-2046 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.49 | UTAH STATE TREASURER | Treasurers Office | Unclaimed Property Division | 168 N 1950 W Suite 102 | | Salt Lake City | UT | 84116 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.50 | Vermont State Treasurers Office | Unclaimed Property Division | 109 State Street | | | Montpelier | VT | 05609-6200 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.51 | West Virginia Office of the State Treasurer | Unclaimed Property Division | State Capitol Room E-145 | 1900 Kanawha Boulevard, East | | Charleston | WV | 25305 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.52 | Wisconsin Department of Revenue | Unclaimed Property Unit | PO Box 8982 | | | Madison | WI | 53708-8982 | Various | Unclaimed Property | N | | | | Undetermined |
| 3.53 | Wyoming Treasurers Office | Wyoming Unclaimed Property | 200 West 24th Street | | | Cheyenne | WY | 82002 | Various | Unclaimed Property | N | | | | Undetermined |
| | | | | | | | | | | | | | | TOTAL: | $545,259,497.00 |

**In re: McClatchy Investment Company**
**Case No. 20-10442**
Schedule H Attachment
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Aboard Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Aboard Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Aboard Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Bellingham Herald Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Bellingham Herald Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Bellingham Herald Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Belton Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Belton Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Belton Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Biscayne Bay Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Biscayne Bay Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Biscayne Bay Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Cass County Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Cass County Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Cass County Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Columbus-Ledger Enquirer, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Columbus-Ledger Enquirer, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Columbus-Ledger Enquirer, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Cypress Media, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Cypress Media, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Cypress Media, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Cypress Media, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Cypress Media, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Cypress Media, LLC | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| East Coast Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| East Coast Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| East Coast Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Gulf Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Gulf Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Gulf Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| HLB Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |

**In re: McClatchy Investment Company**
**Case No. 20-10442**
Schedule H Attachment
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| HLB Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| HLB Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Idaho Statesman Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Idaho Statesman Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Idaho Statesman Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Keltatim Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Keltatim Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Keltatim Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Keynoter Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Keynoter Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Keynoter Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Lee's Summit Journal, Incorporated | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Lee's Summit Journal, Incorporated | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Lee's Summit Journal, Incorporated | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Lexington H-L Services, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Lexington H-L Services, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Lexington H-L Services, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Macon Telegraph Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Macon Telegraph Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Macon Telegraph Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Mail Advertising Corporation | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Mail Advertising Corporation | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Mail Advertising Corporation | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| McClatchy Interactive LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| McClatchy Interactive LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| McClatchy Interactive LLC | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| McClatchy Interactive West | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| McClatchy Interactive West | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| McClatchy Interactive West | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| McClatchy Management Services, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| McClatchy Management Services, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| McClatchy Management Services, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| McClatchy Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |

**In re: McClatchy Investment Company**
**Case No. 20-10442**
Schedule H Attachment
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| McClatchy Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| McClatchy Newspapers, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| McClatchy U.S.A., Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| McClatchy U.S.A., Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| McClatchy U.S.A., Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Miami Herald Media Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Miami Herald Media Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Miami Herald Media Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Newsprint Ventures, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Newsprint Ventures, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Newsprint Ventures, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Nittany Printing and Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Nittany Printing and Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Nittany Printing and Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Nor-Tex Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Nor-Tex Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Nor-Tex Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Oak Street Redevelopment Corporation | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Oak Street Redevelopment Corporation | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Oak Street Redevelopment Corporation | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Olympian Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Olympian Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Olympian Publishing, LLC | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Olympic-Cascade Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Olympic-Cascade Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Olympic-Cascade Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Pacific Northwest Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Pacific Northwest Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |

**In re: McClatchy Investment Company**
**Case No. 20-10442**
Schedule H Attachment
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Pacific Northwest Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Quad County Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Quad County Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Quad County Publishing, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| San Luis Obispo Tribune, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| San Luis Obispo Tribune, LLC | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| San Luis Obispo Tribune, LLC | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Star-Telegram, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Star-Telegram, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Star-Telegram, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Tacoma News, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Tacoma News, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Tacoma News, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| The Bradenton Herald, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| The Bradenton Herald, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| The Bradenton Herald, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| The Charlotte Observer Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| The Charlotte Observer Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| The Charlotte Observer Publishing Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| The McClatchy Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| The McClatchy Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| The McClatchy Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| The News & Observer Publishing Co. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| The News & Observer Publishing Co. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| The News & Observer Publishing Co. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| The State Media Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| The State Media Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| The State Media Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| The Sun Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| The Sun Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| The Sun Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Tribune Newsprint Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |

**In re: McClatchy Investment Company**
**Case No. 20-10442**
Schedule H Attachment
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Tribune Newsprint Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Tribune Newsprint Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Wichita Eagle and Beacon Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Wichita Eagle and Beacon Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Wichita Eagle and Beacon Publishing Company, Inc. | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |
| Wingate Paper Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of New York Mellon as Agent | x | | |
| Wingate Paper Company | 2100 Q Street | Sacramento | CA | 95816 | Bank of Oklahoma | x | | |
| Wingate Paper Company | 2100 Q Street | Sacramento | CA | 95816 | Pension Benefit Guranty Corporation | | x | |